UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, an individual | ) | |
| Plaintiff, | ) ) ) | |
| | ) | **CASE NO:** 18 cv 1193 |
| v. | ) ) | |
| | ) ) | Presiding Judge: Magistrate Judge: |
| | ) | |
| **JESSICA JIAHUI LEE**, an individual | ) ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM**

**NOW COMES** the plaintiff, **JOHN DOE**, by and through his attorneys, SMITHAMUNDSEN LLC, and for his Motion for Leave to File his Complaint Using a Pseudonym, *nun pro tunc*, he asserts as follows:

**FACTUAL BACKGROUND**

Plaintiff, John Doe, is domiciled in Chicago, Illinois where he works as a senior consultant at a professional services firm. His Complaint, filed as Docket Entry #1 outlines how his reputation has been damaged and privacy invaded through the publication and public disclosure of private facts by the defendant, Jessica Lee.[1] Jessica Lee is domiciled at 4213 Mildenhall Drive in Plano, Texas 75093. This court has jurisdiction under 28 U.S.C. § 1332(a)(1) as the parties are completely diverse and the plaintiff seeks in excess of $75,000.00.

The offending conduct began in September of 2017 after a seven-month dating relationship between the parties soured. The defendant connected with Doe's friends, family, work colleagues and clients using imposter social media profiles. She also registered him for male-seeking-male dating sites and other online services so that he would be bombarded with calls, texts and

---

[1] Plaintiff's Complaint at Law is attached as **Exhibit A**.

inappropriate advances. Lee even solicited Craigslist visitors and her over 30,000 Instagram followers to stalk, harass and retaliate against plaintiff for conduct Lee completely fabricated. Defendant's lies were given widespread publicity and made Doe look like a sexual predator, a serial abuser and apathetic/unethical in his business practices.

Lee's anger escalated to unreasonable proportions. She used the expansive reach of the Internet, traveled across state lines, and even solicited and conspired with others to disrupt and compromise plaintiff's reputation, livelihood and emotional well-being.

Plaintiff initiated proceedings in Illinois and Texas in the hopes they would deter Lee from further attack. He sought an emergency order of protection in Illinois, which was granted, but gave him little relief. Lee continues to harass plaintiff with late night messages and calls from untraceable phone numbers. Recent to the filing of this lawsuit, Lee traveled to Chicago and manipulated her way inside a secure residential building to vandalized plaintiff's car using glue (for the locks), spray paint (to adorn the panels with swastikas) and an unknown sharp item (to puncture three of his tires and scratch the body).

This litigation will necessarily involve further publication, discussion of, and parsing of every statement, written post, and act depicting John Doe in a negative light. Plaintiff asks this Court for permission to file the matter using a pseudonym for plaintiff against Ms. Lee for **Defamation *Per Se*** (Count I), **False Light Invasion of Privacy** (Count II), **Public Disclosure of Private Facts** (Count III), **Tortious Interference with Business Expectancy** (Count IV), **Vandalism/Damage to Property** (Count V), **Intentional** (Count VI) and **Negligent Infliction of Emotional Distress** (Count VII). The defendant is well aware of plaintiff's true identity and will not suffer any prejudice in her defense upon service of this action.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 10(a) requires a plaintiff to disclose his or her name in a complaint. Fed. R. Civ. P. 10(a). Certain exceptions have, however, been recognized under which

parties may access the courts using fictitious names (e.g. "John Doe"). Fictitious names have been allowed to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (recognizing these exceptions); and *see Doe v. City of Chicago*, 360 F.3d 667, 669-670 (7th Cir. 2004) (acknowledging the court's discretion and duty to determine whether the circumstances "justify the departure from the normal method of proceeding in federal courts").

It is also appropriate to allow a party to proceed under a pseudonym where the litigation would publicize an allegation (whether true or false) so heinous that it constitutes a "badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identity of a party to a federal suit." *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); and *see Doe v. Smith*, 412 F.Supp.2d 944, 945 (C.D. Ill. 2006) (permitting plaintiff to proceed as a Jane Doe through discovery where she alleged a previous boyfriend had illegally distributed a video depicting them having sex).

Here, plaintiff's suit includes an allegation that the defendant created a Craigslist account on October 22, 2017, and then posted a solicitation using anonymous user information. The fake solicitation was titled, "**FIND THE MAN WHO RAPED MY 9 YEAR OLD DAUGHTER**" and was accompanied by a **$1,000 reward**. The entirety of the post follows: **This 45 year old man raped my 9 year old daughter. He groomed her through Instagram and then met up with her at the park to rape her! All I have of him is his Instagram account which is [omitted]. If anyone can find out who he is and where he stays I am offering a reward. I want JUSTICE for my daughter!!! His phone number is [omitted]."** The plaintiff included with the post plaintiff's actual cell phone number and Instagram handle (omitted in the reprinted version above). It was reasonably foreseeable that the content of this fake Craigslist ad, put out to hundreds if not thousands of Internet users, would be believed and might naturally incite visitors to seek retribution against plaintiff for these despicable acts.

The defendant also published highly explicit photographs of the plaintiff (taken without his knowledge or consent) and frequently accused him in writing of rape (only to recant the allegation at a later time).

The truth or falsity of Ms. Lee's allegations will be a critical component of plaintiff's defamation action and Ms. Lee's defense thereof; plaintiff's ability to pursue these claims without further damaging his personal and professional reputation necessarily relies upon being able to proceed under a pseudonym, at least through discovery. *See Doe v. Smith*, 412 F.Supp.2d 944, 947 (C.D. Ill. 2006) (allowing plaintiff to proceed anonymously through discovery noting (1) "at this early stage of the litigation, it would be difficult for the plaintiff to do anything more than simply allege in a conclusory fashion that such [exceptional] circumstances exist;" and that (2) anonymity may be warranted where disclosure of her identity would add to her humiliation by admitting it was her on the referenced sex tape). Plaintiff should be permitted to proceed with this action under a pseudonym to be reconsidered at a later date if the court is so inclined.

The Northern District has also allowed plaintiffs to proceed anonymously where allegations are especially shocking, of a sexual nature, or of the "utmost intimacy," leaving open the possibility of revisiting the anonymous designation at a later stage. *See Doe v. Trp Acquisition, Inc.*, 2016 WL 3671505 at *2 (allowing plaintiff to *temporarily* proceed anonymously noting that "the underlying facts could be shocking and very embarrassing to her" and resolving to possibly revisit the issue at a later stage noting, "the Court is unable to conclude with any certainty that anonymity is inappropriate").

In light of these circumstances and in keeping with precedent, the plaintiff asks that he be permitted to proceed anonymously through the completion of discovery at which point, this issue may be revisited.

4

**WHEREFORE**, the plaintiff, **JOHN DOE**, respectfully requests leave to file the attached Complaint at Law (Doc#1), *nunc pro tunc,* against defendant, **JESSICA LEE**, using a pseudonym, with recognition that the anonymous designation may be revisited at the close of discovery.

                                                  Respectfully submitted,

By:        /s/ Ryan B. Jacobson
                Attorney for Plaintiff,
                **JOHN DOE**

Ryan B. Jacobson, ARDC # 6269994
Max B. Goodman, ARDC # 6312919
Smith Amundsen LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
(312) 894-3282 (Direct)
(312) 997-3210 (Facsimile)