UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO: 18 cv 1193 |
| v. ) | |
| ) | Presiding Judge: Charles Kocoras |
| ) | Magistrate Judge: Maria Valdez |
| ) | |
| JESSICA JIAHUI LEE, an individual ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant. ) | |

## DEFAULT JUDGMENT ORDER

This cause coming to be heard on the Court's request for a proposed order of default judgment (Doc. # 40). It is hereby ordered that judgment by default is entered in plaintiff's favor and against defendant, Jessica Jiahui Lee, on the terms set forth herein.

Plaintiff's seven-count Complaint at Law was filed on February 15, 2018. *See* Doc. # 1. The seven-count complaint asserted claims of Defamation *Per Se* (Count I), False Light Invasion of Privacy (Count II), Public Disclosure of Private Facts (Count III), Tortious Interference with Business Expectancy (Count IV), Vandalism/Damage to Property (Count V), Intentional (Count VI) and Negligent Infliction of Emotional Distress (Count VII). Defendant, Jessica Lee, answered the complaint denying some of the complaint's paragraphs while invoking the Fifth Amendment in response to a majority of the substantive allegations. *See* Doc. # 15. Defendant, Ms. Lee, did not plead any substantive affirmative defenses nor did she claim any privileges were applicable with regard to the complained-of speech. *See* Doc. # 25.

In January of 2019, the plaintiff became aware that defendant, Ms. Lee, had continued to create defamatory social media posts and profiles of and concerning the plaintiff. On January 29, 2019, Ms. Lee's attorney filed a Motion to Withdraw as her counsel; counsel's Motion to Withdraw

was granted on February 12, 2019. *See* Docs. # 32 and 37. On January 31, 2019, plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. *See* Doc. # 34. Plaintiff's counsel provided notice of his Motion to defendant, Ms. Lee, directly via e-mail and FedEx overnight to the address provided by her counsel (*see* Doc. # 31). At the presentment date for plaintiff's Motion for a Temporary Restraining Order, the Motion was denied but a Motion for Default was granted and proper notice was provided to all parties. *See* Doc. # 38.

On March 12, 2019, plaintiff, John Doe, filed an affidavit attesting to the conduct described in his Complaint at Law. *See* Doc. # 39. The sworn statement recounts how defendant, Ms. Lee, published highly offensive content via social media directly to hundreds of plaintiff's friends, professional associates, superiors, clients, and family members. *See* Doc. # 39 at paras. 2, 5. John Doe's affidavit describes how Ms. Lee created imposter social media accounts in John Doe's true name and with his picture attached as well as the great lengths she took to spread the defamatory material directly to individuals in plaintiff's social and professional circles; to any observer of these publications, it would appear as if the offensive content were coming from the plaintiff when in reality, it was coming from imposter accounts created by Ms. Lee. *See* Doc. # 39 at para. 3.

Stating further, Ms. Lee was observed on surveillance footage entering plaintiff's secure apartment building behind an unsuspecting resident at the same date and time when plaintiff's car was defaced with swastikas and otherwise vandalized. *See* Doc. # 39 at para. 6. Camera stills from the referenced surveillance footage showing Ms. Lee in plaintiff's building at the time of the vandalism have been produced to the Court. *See* Doc. # 39, Ex. C. Ms. Lee sent a text message to the plaintiff immediately following this incident encouraging him to "check his car." *See* Doc. 1 at para. 81 (where plaintiff describes receiving the referenced text message from defendant, Ms. Lee). Ms. Lee has not denied her involvement in this damage to plaintiff's property.

At all relevant times, plaintiff, John Doe, has worked in a senior role in the consulting industry in Chicago, Illinois. *See* Doc. 39 at para. 7. Plaintiff states that the alleged defamatory content was published by Ms. Lee to plaintiff's direct superiors and clients (in addition to his friends, family, and larger social network). *See* Doc. # 39 at para. 7. The publication of defamatory content to any third-party can be detrimental to one's reputation, however, the deliberation, effort, and unyielding malice shown by defendant, Ms. Lee, to ruin plaintiff's reputation is staggering. The defendant's conduct is pervasive and continuing in nature even after the commencement of this lawsuit. The fact that defendant's conduct continued from September of 2017 to the present (over seventeen months) ensured that the damage to plaintiff's reputation would not dissipate with time.

This Court finds that the allegations as stated in plaintiff's Complaint at Law and attested to in plaintiff's affidavit (Doc. # 39) have been demonstrated to the Court's satisfaction and as a prerequisite to damages. This Court also finds the defendant's complained-of conduct to have been of such a pervasive nature that it justifies damages beyond those to account for reputational harm; defendant's conduct rises to level warranting exemplary damages.

For the foregoing reasons and with reference to the record as well as Federal Rule of Civil Procedure Rule 55 and Local Rule 41.1, I hereby enter judgment in plaintiff's favor and against the defendant, Ms. Lee, in an amount of $2,600,000.00 in compensatory damages and $5,000,000.00 in punitive damages. This order terminates all matters in controversy in this cause.

Dated: 3/18/2019

_Charles P. Kocoras_

U.S. District Judge: